UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE: DELORES MOTON RICHARD          CASE # 19-20837-LC-13

DELORES MOTON RICHARD
    PLAINTIFF
VS.                                   ADV NO.

TONY MANCUSO, SHERIFF OF CALCASIEU
PARISH, LOUISIANA; AND THE CITY OF
LAKE CHARLES; AND THE PARISH OF
CALCASIEU; AND ISSAC D. FREEBORN, LLC

COMPLAINT

NOW INTO COURT, COMES DELORES MOTON RICHARD, debtor and plaintiff in this adversary procceding, who respectfully represents:

1.

MADE DEFENDANTS IN THIS ADVERSARY PROCEEDING ARE:

1) TONY MANCUSO, sheriff and tax collector for Calcasieu Parish, 2) The City of Lake Charles, which may be served through its Mayor, NICHOLAS HUNTER, 3) The Parish of Calcasieu, which may be served through, TONY GUILLORY, president of the Police Jury and 4) ISSAC D FREEBORN, LLC, a Texas Limited Liability Company, which may be served at 6703 Winton Street, Houston, TX 77021. This matter is a core proceeding because it involves property of a bankruptcy debtor's estate.

2

On June 9, 2010, Delores Richard's property at 1615 Malcolm Street, Lake Charles was

sold for delinquent property tax. The sale was made to the City of Lake Charles which received a 13% interest in the property and the Parish of Calcasieu which received 87% interest in the property.

3.

Delores Richard never received notice of the tax sale before it occurred, even though the sheriff of Calcasieu Parish had her address of P.O. Box 13067 from her prior Chapter 13 bankruptcy which was closed on December 8, 2009 and from which case the sheriff was paid $966.32.

4.

An attempt was made in 2011 to notify debtor by certified mail that she had a three year redemptive period that would expire on June 25, 2013. Delores Richard never received the certified mail. Delores Richard never lived at 2713 Hinton Drive, Lake Charles, where the certified letter was sent. She believes that a different Delores Richard received the certified letter.

5.

The Louisiana Legislature has expressly declared that the important notice in a case such as this one is the notice that must be received no less than six months before the end of the redemptive period. La. R.S. 47: 2286, Comment ( c ); La. R.S. 2156. As stated by the court in Adair Asset Management v. Turley, 195 So. 3d 501 (La. App. 2016 ), at page 514, " If the post-sale notice of the right to redeem is received by the tax sale parties more than six months before the end of the redemption period, due process is satisfied. In this case the notice was not sent to plaintiff's correct address and was not received by her.

6.

The failure of the sheriff to give notice to plaintiff of the delinquency in the tax on the property and that the property would be sold unless the taxes were paid violated not only the statutory requirements, but also the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Louisiana Constitution.

7.

Because the tax sale mentioned above was null and void, the subsequent sale to ISSAC D. FREEBORN, LLC was also null and void.

8.

Even though the notice stated that the redemption period was three years, the law actually allows a longer redemptive period under the facts of this case. R.S. 47:2197 provides that when property sold at tax sale is adjudicated to a political subdivision, the property remains in the name of the tax debtor. The tax debtor is allowed to redeem the property until it is sold to a different party by the political subdivision. In this case, debtor, Delores Richard was told by the Calcasieu Parish Sheriff's Office in October, 2019 that she could redeem the property by paying $17,653.97 by November 15, 2019.

9.

R.S. 47:2201 authorizes a political subdivision that is adjudicated property at a tax sale to adopt ordinances regarding sale of adjudicated property. On December 28, 2017, the City of Lake Charles entered into a professional services agreement with Archon Information Systems d/b/a CivicSource to sell adjudicated properties in the City of Lake Charles.

10.

The Parish of Calcasieu adopted Ordinance No 7280 dealing with its 87% interest in the property. The ordinance was filed in the conveyance records on November 19, 2019. The ordinance approved the donation and disposition of the 87 % interest in the property located at 1615 Malcolm Street, Lake Charles, Louisiana, owned by Delores Moton. (now Delores Richard.)

11.

On December 6, 2019, Delores Moton Richard filed for relief under Chapter 13 of the bankruptcy code. Her plan of reorganization, which was filed on the same day, provided that she would pay the property tax owed to the City of Lake Charles and the Parish if Calcasieu, which are paid to and collected by the Sheriff of Calcasieu Parish through her chapter 13 plan of reorganization.

12.

Tony Mancuso, Sheriff and Tax Collector for Calcasieu Parish, filed an objection to the confirmation of the debtor's plan. In the objection, the Sheriff alleged that the City of Lake Charles sold the property to Civic Source on December 4, 2019.

13.

The property was actually sold by the City Of Lake Charles on January 3, 2020, after the bankruptcy was filed. The City of Lake Charles sold its interest in the property to ISSAC D FREEBORN, LLC. for $7,250.00. The deed was filed in the Conveyance records on January 7, 2020. The public records do not show that the 87% interest in the property belonging to the Parish of Calcasieu was ever sold.

14.

The debtor still had the right to redeem the property when this case was filed. The right of redemption was property of the estate. The sale by the City of Lake Charles of its interest in the property was in violation of the automatic stay because it was an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate which was stayed by 11 U.S.C. 362 (3). The sale was an attempt to take away the debtor's right of redemption.

15.

In addition, the debtor still has the right under R.S. 47: 2197 to redeem the 87% interest in the property adjudicated to the Parish of Calcasieu that still belong to the Parish of Calcasieu.

16.

In addition, the adjudication of the property in 2010 was invalid because plaintiff did not receive the notice of sale required by R.S. 47: 2153. That article requires the tax collector to send a written notice by certified mail to the tax debtor who owes property taxes. If the written notice by certified mail is returned, the tax collector shall demonstrate a reasonable and diligent effort to provide notice to the tax debtor.

17.

In this case, the tax debtor was in a chapter 13 bankruptcy case # 04-21008, which case was closed on December 8, 2009. The debtor's mailing address, as shown on the bankruptcy petition, was P.O. Box 13067, Lake Charles, LA, 70602. The Sheriff of Calcasieu was paid $966.32 in that case. The debtor should have received notice at her correct address.

18.

Debtor, Delores Richard, thought that the sheriff was paid the property taxes in her prior

case. When she learned that the property taxes were not paid, she attempted to pay them, but she was told that the sheriff would not accept partial payments. She filed this case to pay the property taxes so that she will not lose her property.

19.

Part of debtor's income is rent that she receives from the property at dispute in this case. In May, 2020, a representative of defendant ISSAC D. FREEBORN, LLC went on the property at 1615 Malcolm Street in dispute in this case and collected the rent that debtor was receiving from the occupants of the property. Debtor is entitled as owner to the rent from the property.

Wherefore, plaintiff prays that that this court find that debtor still had an interest in the property when the bankruptcy case was filed and still has the right to pay the property taxes and redeem the property. Plaintiff further prays that the tax deed dated June 9, 2010 be declared null and void; that the deed to ISSAC D. FREEBORN, LLC be declared null and void and that ISSAC D. FREEBORN be ordered to pay debtor any rent received from the property.

Respectfully submitted:

/s/ DAVID J WILLIAMS

P.O. BOX 1684

827 PUJO STREET

LAKE CHARLES, LA 70602

337-494-1023

ATTORNEY FOR DEBTOR